UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **Conflict Kinetics, LLC**<br>1893 Preston White Drive<br>Reston, Virginia 20166 | ) ) ) ) ) | |
| *Plaintiff* | ) ) | CASE NO: |
| v. | ) ) ) | |
| **Program Executive Office – Simulation,**<br>**Training, and Instrumentation**<br>(PEO-STRI)<br>12211 Science Dr.<br>Orlando, Florida 32826-3276 | ) ) ) ) ) ) | |
| *Defendant* | ) ) | |

## COMPLAINT

### Nature of Action

Plaintiff Conflict Kinetics, LLC, ("Conflict Kinetics") brings this action under the

Freedom of Information Act ("FOIA"), 5 U.S.C. §552 to force Defendants  Program Executive

Office – Simulation, Training, and Instrumentation ("PEO-STRI") to comply with a FOIA

request.

1.  On  July 28, 2023 and several dates thereafter, Conflict Kinetics sought documents from PEO
STRI related to the Tunisia Gunfighter Gym Systems contract and Conflict Kinetics.
Defendant has violated FOIA by failing to respond to Conflict Kinetics' request within the
statutorily prescribed time limit and failing to disclose the requested documents.  Conflict
Kinetics now asks this Court to order Defendant to respond to the request, deliver all
requested emails, communications related to the case as defined in FOIA request and to
disclose all responsive records improperly withheld.

1

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. §552(a)(4)(B).  This

    Court also has jurisdiction over this action as a federal question under 28 U.S.C. §1331.

3.  Venue is proper under 5 U.S.C. §552(a)(4)(B) because Plaintiff's primary place of business is

    located within this district and 28 U.S.C. §1391(e).

## PARTIES

4.  Plaintiff Conflict Kinetics submitted a FOIA request to PEO-STRI through its lawyers on

    July 8, 2023.  Conflict Kinetics is a Virginia corporation with a principal place of business at

    1893 Preston White Drive, Reston, Virginia 20166.

5.  Defendant PEO-STRI is component agency of the Department of Defense and an agency of

    the United States under 5 U.S.C. §552(f)(1). PEO-STRI'S mission is to rapidly develop,

    deliver and sustain testing, training, and information operations capabilities to enhance

    readiness across the operational spectrum. PEO STRI is headquartered at 12211 Science Dr.,

    Orlando, Florida 32826-3276.

6.  Defendant PEO-STRI has responsive records in its possession, custody, and control.

    Defendant is charged with the duty to provide public access to records in its possession

    consistent with the requirements of FOIA.

## STATUTORY FRAMEWORK

7.  FOIA permits public access to certain government records.

8.  To promote the effectiveness of the law, FOIA imposes strict deadlines on agencies to

    provide responsive documents to FOIA requests. 5 U.S.C. §552(a)(6)(A).

9.  The Act requires agency compliance with a FOIA request within twenty (20) business days after receipt of the request.  5. U.S.C. §552(a)(6)(A)(i).

10. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5. U.S.C. §552(a)(6)(B).

11. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. §552(a)(6)(B)(ii).

12. An agency's failure to comply with any timing requirement is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. §552(a)(4)(B).

13. A FOIA requester who exhausts administrative remedies may petition the court for declaratory relief from the agency's continued withholding of public records. 5 U.S.C. §552(a)(4)(B).

## FACTS

14. On July 8, 2023, Plaintiff Conflict Kinetics, through counsel, submitted a FOIA request ("Request") through the portal.  The Request, generally, sought records related to the Tunisia Gunfighter Gym System contract from September 1, 2021 to the present along with documents and communications between PEO STRI and several other entities that referenced or related to Conflict Kinetics ("CK"), Tunisia, Tunisia Gun Fighter Gym Systems, Tunisia Foreign Military Funding, Tunisia Foreign Military Sales, and DLA. The Request was resubmitted via email on August 16, 2023 to usarmy.orlando.peo-stri.lis.foia@mail.mil. *See* Exhibit A.

15. PEO STRI is an "agency" within the meaning of 5 U.S.C. §552 (f)92) and therefore must comply with the nondiscriminatory statutory requirements of FOIA.

16. The same FOIA Request was forwarded by U.S.P.S. and email to the ACC FOIA Officer, US Army Contracting Command, ATTN: G6/AMSCC-IM, Freedom of Information/Privacy Act on July 29, 2024.  *See* Exhibit B.

17. The statutory deadline for PEO STRI to respond to the July 8, 2023 Request passed on June 3, 2023.

18. In the event the initial filing through the portal is deemed insufficient, the statutory deadline for PEO STRI to respond to the July 29, 2023 Request is August 25, 2023.

19. PEO STRI never even acknowledged receipt of either of these July 2023 Requests.

20. In efforts to pursue a response to this Request, counsel for CK made contact with Major Eric Guerrero at the Strategic Communications and Engagement Office who provided the name and contact information for Robin Alexander and indicated that she could potentially assist with this request.

21. On August 23, 2024, counsel's office reached out to Ms. Alexander via email and provided a copy of the July 29, 2023 request for her information. *See* Exhibit C.

22. Ms. Alexander responded via email on August 29, 2024 and indicated that the August 23, 2024 email was the first communication that she identified through the usarmy.orlando.peo-stri.list.foia@army.mil email box.  She indicated she was taking steps to collect the requested information. *See* Exhibit C.

23. If the Agency considered the August 29, 2024 email and Request to be the first notification of the Request, the twenty-day response period would expire September 27, 2024.

24. Conflict Kinetics, through counsel, emailed Ms. Alexander on November 18, 2024 to determine the status of the Request. *See* Exhibit C.

25. Ms. Alexander responded on November 20, 2024 promising a response to the request no later than November 26, 2024.  *See* Exhibit C.

26. As of the filing of this Complaint, no further communications have been received from Ms. Alexander or any representative of the Agency, nor has Defendant produced any responsive documents.  PEO-STRI has not objected to the Request nor provided any detailed information regarding specific circumstances preventing the disclosure of the records sought.

27. Where Defendant has failed to provide any substantive responses to the Request within the statutory timeframe, it has constructively denied the Request.  As such, Conflict Kinetics has exhausted its administrative remedies. 5 U.S.C. §552(a)(6)(C)(i).

28. Conflict Kinetics has a legal right to the requested records.  Defendant has improperly withheld those records, forcing Conflict Kinetics to file this suit to enforce its rights under FOIA.

## STATEMENT OF CLAIMS

### COUNT I
### Violation of the Freedom of Information Act, 5. U.S.C. §552
### for Failure to Respond Within the Time Required

29.  Plaintiff realleges and incorporates the foregoing paragraphs as if set forth in full.

30. Defendant failed to respond to the original July 8, 2023 Request or the July 29 subsequent Request within the statutorily mandated time frame, in violation of Conflict Kinetics' rights under FOIA, including but not limited to 5 U.S.C. §552(a)(6)(A)(i) and (6)(B).

31. Defendant also failed to respond to the August 23, 2024 submission of the Request to Ms. Alexander within the statutorily mandated time frame, in violation of Conflict Kinetics' rights under FOIA, including but not limited to 5 U.S.C. §552(a)(6)(A)(i) and (6)(B).

32. Defendant's failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. §(a)(6)(A)(i).

## COUNT II
### Violation of the Freedom of Information Act, 5 U.S.C. §552;
### For Failure to Conduct an Adequate Search

33. Plaintiff repeats the allegations in the foregoing paragraphs as if set forth in full.

34. Defendant has violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5. U.S.C. §552(a)(3)(C).

## COUNT III
### Violation of the Freedom of Information Act, 5 U.S.C. §552;
### Wrongful Withholding of Records

35. Conflict Kinetics re-alleges and incorporates the foregoing paragraphs as if set forth in full.

36. Defendant failed to disclose and produce any records responsive to the Request, in violation of Conflict Kinetics' rights to those records under FOIA, including but not limited to 5 U.S.C. §552(a)(3)(A).

37. Defendant failed to disclose and produce records responsive to the Request without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §552(a)(3)(A) and (6)(A).

38. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

39. Defendant's failure to disclose all responsive records violates its statutory obligations to make requested records promptly available to the public.

## PRAYER FOR RELIEF

WHEREFORE, Conflict Kinetics respectfully requests that this Court:

a)  Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

b)  Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §552(a)(6)(A)(i) and (B);

c)  Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. §552 (a)(3)(C);

d)  Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. §552(a)(3)(A);

e)  Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

f)  Award Plaintiff his attorneys' fees and costs pursuant to 5 U.S.C. §552(a)(4)(E); and

g)  Grant such other relief as the Court may deem just, equitable and appropriate.


December 16, 2024                                    Respectfully submitted,
                                                    CONFLICT KINETICS


                                                    ____/s/_____
                                                    Milton C. Johns, VSB No. 42305
                                                    Executive Law Partners, PLLC
                                                    11130 Fairfax Blvd, Suite 303
                                                    Fairfax, VA 22030
                                                    P: 571 500 1010
                                                    F: 571 408-8102
                                                    mjohns@xlppllc.com
                                                    *Counsel for Plaintiff*
                                                    *Conflict Kinetics*